HENRY BECKLEY, APPELLANT, v. M. M. LEARN,
RESPONDENT.

FERRY LICENSE.—Under the statute in relation to ferry license, no person other than the owner of the land can secure a license, unless the owner of the land neglects to apply; and then only upon proof of service of notice. The same rule governs a case where the application is for the renewal of a license.

THE facts are stated in the opinion.

*J. F. Watson*, for appellant.

*Wm. R. Willis*, for respondent.

THAYER, J. This is an appeal from the judgment of the circuit court for Douglas County, affirming the decision of the county court upon writ of review.

The appellant applied to the county court of Douglas County, at the February term, 1869, for a ferry license over the Umpqua river, at a point where the road leading from Oakland to Scottsburg crosses the same known as Trenton Ferry.

The respondent applied at the same term of court for the renewal of a license formerly granted to him by the said county court, and which at the time of said application was about to expire.

The appellant stated in his petition for the license that he was the owner in fee simple of the land on both sides of the river at the place where the ferry was established; which fact was conceded, and also that both parties were qualified to receive the license.

The county court considered the two applications together, and awarded the license to the respondents, and the circuit court affirmed its action thereon.

The appellant claims that as he is the owner of the land before mentioned, he is entitled, as a matter of law, to be preferred in his application for the license; while the respondent claims that his application being for the renewal

of a license, the appellant's ownership of the land gives him no right of preference under the statute.

That such preference can only be claimed upon original application for a ferry license.

These are the only questions to be determined by the court.

The statutes of Oregon regulate the granting of such licenses, and the decision of this case depends mainly upon the proper construction of the statutes referred to.

Section 42, page 869, of the laws of Oregon, provides: "That unless otherwise provided by law, no such license shall be granted to any other person than the owner of the land embracing or adjoining such lake or stream where the ferry is proposed to be kept, unless such owner neglect to apply for such license.

"And whenever application shall be made for a license by any person other than such owner, the county court shall not grant the same unless proof shall be made, that the applicant caused notice in writing of his intention to make such application, to be given to such owner if residing in the county, at least ten days before the term of the court at which application is made."

It will be readily seen from the above section, that no person other than the owner of the land, can secure a ferry license, unless the owner neglects to apply therefor, and then only upon proof of service of notice in writing at least ten days, &c. &c.

It evidently was the intention of the legislature to give such owner of the land decided preference, if he should desire the privilege, and it has been held by reputable authority that he would be entitled to such privilege, independent of statutory provision, though the supreme court under our territorial organization decided in the case of *Grant* v. *Drew* (1 Oregon, 35), that the right of preference in favor of the owner of the land in such case, was derived wholly from the statute, and that decision has since been affirmed in this court in the case of *Mills* v. *Learn* (2 Oregon, 215)—while we feel bound by these decisions, whatever views we might

otherwise entertain, yet, we are satisfied that there are strong equitable claims of preference in such cases, in favor of the owners of the land, and that the right to be preferred, in their applications for license was not intended by the legislature as a mere gratuity.

In the case of *Mills* v. *Learn, supra,* the learned justice who announced the opinion of the court, attempted to demonstrate that the riparian rights of owners of the land, in such cases, had been extinguished. That they had received just compensation for such rights, in the laying out and opening the road landing across the stream, &c., upon which the ferry was proposed to be established.

This reasoning may be entirely correct, although somewhat speculative in adopting it. However, we are necessarily obliged to assume, that the right of preference reserved by that statute in favor of such land owner, constituted a material part of the "just compensation" received by them, for that would very naturally be taken into consideration in the adjustment of their riparian rights.

Again, the court, in the case of *Knott* v. *Frush* (2 Oregon, 237), directly held that there was a distinction between the ownership of lands embracing or adjoining streams to which ferry rights attach and a license to keep a ferry granted under the statute to a person other than the riparian owner. That in the former case the right descended to the heirs-at-law as incident to the land, in the latter case, the license was a mere personal trust, and terminated with the death of the licensee.

The respondent's counsel urges that as a ferry license may be renewed without notice or petition as provided in section 43, page 869, Laws of Oregon, therefore the owner of the land, upon application for such renewal, is not entitled to the right of preference. Should such owner neglect to apply, the county court would no doubt have the right to renew the license, as the owner would be presumed to know the time of its expiration, and his failure to present an application would be deemed a neglect.

Although not notified as provided in said section 42, we

cannot see that the provision in said section 43 extends further than this. We deny that because a person other than the owner of the land, has enjoyed the privilege of a ferry license during a specific period, he can claim a higher right to its continuance for another specific period as against such owner—such fact may dispense with notice and other formality for the reason that the same would in such case be unnecessary, but it certainly was not intended to have any greater effect than that. The licensee receives· all he bargains for, in the enjoyment of the grant during the term specified in his license, and cannot claim any greater privilege on that account.

He accepted the grant upon the terms imposed by the county court. The tenure was limited, and according to the decision in *Knott* v. *Frush,* rather precarious, but the acceptance was his own voluntary act, and he has no right to complain so long as he has enjoyed the full benefit of it. The proprietor of the land may have been willing that such licensee possess the right for a limited time. But we cannot presume that he ever has consented to his perpetual use of it. We conclude, therefore, that the riparian owner of the land to which ferry rights attach, may assert a right of preference whenever the county court is free to grant a ferry license, whether it be an original application to establish a ferry or a renewal of a license before granted.

For these reasons the judgments of the circuit and county courts are reversed.